IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 26, 2022

**JAMES D. DUNCAN v. CORECIVIC ET AL.**

**Appeal from the Chancery Court for Hardeman County**
**No. 19541     Martha B. Brasfield, Chancellor**

———————————————————

**No. W2022-00333-COA-R3-CV**

———————————————————

Appellant, James D. Duncan, has appealed an order of the Hardeman County Chancery Court that was entered on December 15, 2021. We determine that the December 15, 2021 order does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider the appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; KENNY ARMSTRONG, J.

James David Duncan, *pro se*, appellant.

James Pentecost, Jackson, Tennessee, for the appellees, CoreCivic and Whiteville Correctional Facility Warden.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on August 23, 2022, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the order appealed was entered by the trial court on December 15, 2021. The order notes deficiencies in Appellant's complaint and gives him additional time to correct said deficiencies. No further order of the trial court is included in the record. Rather, Appellant filed an appeal of the December 15, 2021 order to this Court. The order appealed does not appear to resolve any claims against any party to this lawsuit with finality. In fact, the trial court clerk filed an affidavit with this Court certifying that "the case has not been dismissed and that no service of process has been issued and that the civil action is still pending and under review by the Chancellors of the twenty-fifth Judicial District."

On August 23, 2022, this Court entered an Order directing Appellant to supplement the record with a final judgment or show cause why the appeal should not be dismissed. Although Appellant responded to this Court's August 23, 2022 Order, Appellant did not supplement the record with a final order. Appellant has failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, James D. Duncan, for which execution may issue.

PER CURIUM